Per Curiam.
Indiana's petition for certiorari argues that the Court of Appeals for the Seventh Circuit incorrectly invalidated two new provisions of Indiana law: the first relating to the disposition of fetal remains by abortion providers; and the second barring the knowing provision of sex-, race-, or disability-selective abortions by abortion providers. See Ind. Code §§ 16-34-2-1.1(a)(1)(K), 16-34-3-4(a), 16-34- 4-4, 16-34-4-5, 16-34-4-6, 16-34-4-7, 16-34- 4-8, 16-41-16-4(d), 16-41-16-5 (2018). We reverse the judgment of the Seventh Circuit with respect to the first question presented, and we deny the petition with respect to the second question presented.
I
The first challenged provision altered the manner in which abortion providers may dispose of fetal remains. Among other changes, it excluded fetal remains from the definition of infectious and pathological waste, §§ 16-41-16-4(d), 16-41-16-5, thereby preventing incineration of fetal remains along with surgical byproducts. It also authorized simultaneous cremation of fetal remains, § 16-34-3-4(a), which Indiana does not generally allow for human remains, § 23-14-31-39(a). The law did not affect a woman's right under existing law "to determine the final disposition of the aborted fetus." § 16-34-3-2(a).
Respondents have never argued that Indiana's law creates an undue burden on a woman's right to obtain an abortion. Cf. Planned Parenthood of Southeastern Pa. v. Casey , 505 U. S. 833, 874, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992) (plurality opinion). Respondents have instead litigated this case on the assumption that the law does not implicate a fundamental right and is therefore subject only to ordinary rational basis review. See *1782 Planned Parenthood of Indiana and Kentucky, Inc. v. Commissioner of Indiana State Dept. of Health , 888 F. 3d 300, 307 (C.A.7 2018). To survive under that standard, a state law need only be "rationally related to legitimate government interests." Washington v. Glucksberg , 521 U. S. 702, 728, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997).
The Seventh Circuit found Indiana's disposition law invalid even under this deferential test. It first held that Indiana's stated interest in "the 'humane and dignified disposal of human remains' " was "not ... legitimate." 888 F. 3d at 309. It went on to hold that even if Indiana's stated interest were legitimate, "it [could not] identify a rational relationship" between that interest and "the law as written," because the law preserves a woman's right to dispose of fetal remains however she wishes and allows for simultaneous cremation. Ibid.
We now reverse that determination. This Court has already acknowledged that a State has a "legitimate interest in proper disposal of fetal remains." Akron v. Akron Center for Reproductive Health, Inc. , 462 U. S. 416, 452, n. 45, 103 S.Ct. 2481, 76 L.Ed.2d 687 (1983). The Seventh Circuit clearly erred in failing to recognize that interest as a permissible basis for Indiana's disposition law. See Armour v. Indianapolis , 566 U. S. 673, 685, 132 S.Ct. 2073, 182 L.Ed.2d 998 (2012) (on rational basis review, "the burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it"). The only remaining question, then, is whether Indiana's law is rationally related to the State's interest in proper disposal of fetal remains. We conclude that it is, even if it is not perfectly tailored to that end. See ibid. (the State need not have drawn "the perfect line," as long as "the line actually drawn [is] a rational" one). We therefore uphold Indiana's law under rational basis review.
We reiterate that, in challenging this provision, respondents have never argued that Indiana's law imposes an undue burden on a woman's right to obtain an abortion. This case, as litigated, therefore does not implicate our cases applying the undue burden test to abortion regulations. Other courts have analyzed challenges to similar disposition laws under the undue burden standard. See Planned Parenthood of Indiana and Kentucky, Inc. v. Commissioner of Indiana State Dept. of Health , 917 F.3d 532, 534-535 (CA7, 2018) (Wood, C. J., concurring in denial of rehearing en banc). Our opinion expresses no view on the merits of those challenges.
II
Our opinion likewise expresses no view on the merits of the second question presented, i.e. , whether Indiana may prohibit the knowing provision of sex-, race-, and disability-selective abortions by abortion providers. Only the Seventh Circuit has thus far addressed this kind of law. We follow our ordinary practice of denying petitions insofar as they raise legal issues that have not been considered by additional Courts of Appeals. See this Court's Rule 10.
* * *
In sum, we grant certiorari with respect to the first question presented in the petition and reverse the judgment of the Court of Appeals with respect to that question. We deny certiorari with respect to the second question presented.
It is so ordered.
Justice SOTOMAYOR would deny the petition for a writ of certiorari as to both questions presented.