# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2022

Lyle W. Cayce
Clerk

No. 18-50730

Whole Woman's Health; Brookside Women's Medical Center, P.A., doing business as Brookside Women's Health Center and Austin Women's Health Center; Lendol L. Davis, M.D.; Alamo City Surgery Center, P.L.L.C., doing business as Alamo Women's Reproductive Services; Whole Woman's Health Alliance; Dr. Bhavik Kumar,

*Plaintiffs—Appellees*,

*versus*

Cecile Erwin Young, Executive Commissioner of the Texas Health and Human Services Commission, in her official capacity,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-1300

Before Barksdale, Stewart, and Costa, *Circuit Judges*.

Per Curiam:

No. 18-50730

The district court enjoined Texas laws regulating the disposal of embryonic and fetal tissue remains. The state requires facilities performing abortions to dispose of these remains in one of four ways: "(1) interment"; (2) cremation; (3) incineration followed by interment; or (4) steam disinfection followed by interment. Tex. Health & Safety Code § 697.004(a). Ashes resulting from cremation or incineration "may be interred or scattered in any manner as authorized by law for human remains," but "may not be placed in a landfill." *Id.* § 697.004(b).

The district court assumed that the Texas laws further a legitimate state interest. *See Box v. Planned Parenthood of Ind. & Ky., Inc.*, 139 S. Ct. 1780, 1782 (2019) (holding that similar Indiana law was rationally related to a "legitimate interest in proper disposal of fetal remains" (quoting *Akron v. Akron Ctr. for Reprod. Health, Inc.*, 462 U.S. 416, 452 n.45 (1983))). The court then applied the "undue burden" standard of *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 843 (1992) (plurality opinion), *overruled by Dobbs v. Jackson Women's Health Org.*, -- S. Ct. --, 2022 WL 2276808 (June 24, 2022). Under the *Casey* balancing approach, the district court concluded that "the challenged laws impose significant burdens on abortion access that far outweigh the benefits the challenged laws confer." It thus held that the laws restricting the methods for disposal of fetal remains violate the Due Process Clause of the Fourteenth Amendment. It went on to hold that the laws also violate the Equal Protection Clause.

Last week, the Supreme Court overruled *Casey* and *Roe v. Wade*, 410 U.S. 113 (1973). *See Dobbs*, 2022 WL 2276808, at *43. *Dobbs* holds that "[t]he Constitution does not prohibit the citizens of each State from regulating or prohibiting abortion." *Id.* Accordingly, we VACATE the injunction issued in this case and REMAND for further proceedings consistent with *Dobbs*.